UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**DEANDRE WILLIAMS,**

                      **Plaintiff,**

          -v-                                    **9:11-CV-379 (NAM/TWD)**

**BRIAN FISHER, CHERYL V. MORRIS, OMEGA B. ALBTON, D. ROCK, M. LIRA, J. HAWK, DON HAUG, KAREN BELLAMY, KENNETH S. PERLMAN, ALEC H. FRIEDMANN,**

                      **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

DeAndre Williams
99-A-0052
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541
Plaintiff, *pro se*

Hon. Eric T. Schneiderman, Attorney General of the State of New York
Keith J. Starlin, Esq., Assistant New York State Attorney
The Capitol
Albany, New York 12224
Attorney for Defendants

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

In this *pro se* action pursuant to 42 U.S.C. § 1983, plaintiff alleges violations of his First Amendment right to practice his chosen religion, his Eighth Amendment right to be free from cruel and unusual punishment, and his Fourteenth amendment right to equal protection under the law. In addition, the Court reads his complaint as alleging violations of the Religious Land Use and Institutionalized Person Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq*. Plaintiff bases his

claims on defendants' alleged refusal to acknowledge his faith as a Nazarite Jew and failure to provide him with a sufficiently nutritious alternative diet in accordance with the dietary laws of his faith.

Defendants move (Dkt. No. 113) to revoke plaintiff's preliminary *in forma pauperis* status under 28 U.S.C. § l915(g) and for summary judgment under Fed. R. Civ. P. 56. Upon referral, United States Magistrate Judge Thérèse Wiley Dancks issued a thorough Order and Report and Recommendation recommending summary judgment dismissing the action in its entirety. Defendant objects. Therefore, the Court reviews the matter *de novo*. *See* 28 U.S.C. § 636(b)(1). Defendant also requests appointed counsel.

Appointment of counsel is not warranted. There is no requirement that the Court appoint counsel for an indigent litigant in a civil matter. *See Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994); 28 U.S.C. § 1915(e). In deciding whether to exercise its discretion to appoint counsel, a court must first determine "whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). If the case appears to have some merit, the court should consider other factors including "the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Here, this Court agrees with Magistrate Judge Dancks that the case lacks merit. In addition, plaintiff has adequately advanced his claims, and there is no reason to believe that if counsel were appointed the outcome of defendants' summary judgment motion would be different. Appointment of counsel is denied.

Upon *de novo* review of the substantive issues, the Court agrees with Magistrate Judge Dancks that, affording plaintiff all the solicitude to which he is entitled as a *pro se* litigant,

-2-

resolving all ambiguities and drawing all factual inferences in his favor, and interpreting his submissions to raise the strongest arguments that they suggest, there is no genuine issue of material fact; thus, defendants are entitled to summary judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Treistman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

Defendant also moves (Dkt. No. 132) for a preliminary injunction. He claims that on January 7, 2015 he was transferred to Five Points Correctional Facility, where he is not receiving proper meals, eating utensils, or medications. Such issues are not the subject of this lawsuit and are not properly before the Court. The preliminary injunction motion is denied.

It is therefore

ORDERED that the Order and Report and Recommendation of United States Magistrate Judge Thérèse Wiley Dancks (Dkt. No. 129) is adopted and accepted; and it is further

ORDERED that defendants' motion for summary judgment (Dkt. No. 113) is granted and the case is dismissed with prejudice; and it is further

ORDERED that plaintiff's motion for a preliminary injunction (Dkt. No. 132) is denied.

IT IS SO ORDERED.

Date: March 10, 2015

Norman A. Mordue
Senior U.S. District Judge